UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brian McKnight, | Case No. 2:25-cv-00749-DJA |
| Plaintiff, | |
| v. | **Order** |
| Jacquelyn Wright, | |
| Defendant. | |

Before the Court is Plaintiff Brian McKnight's motion to serve Defendant Jacquelyn Wright via publication and to extend the time for service. (ECF No. 14). However, Plaintiff's motion has certain deficiencies. So, the Court denies it without prejudice.

**I.    Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are impracticable. Under Rule 4.4(b)(2)(A), a motion seeking an order for alternative service must provide affidavits, declarations or other evidence demonstrating:

>   (i)    the due diligence that the plaintiff undertook to locate and serve the defendant; and
>   (ii)   the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant…

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication." Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failing to serve a defendant within 90 days after a complaint is filed, the court must extend the time for service for an appropriate period.

**II.    Discussion.**

Plaintiff's motion does not provide sufficient information for the Court to grant it. First, Plaintiff interchangeably refers to Nevada and Arizona. Plaintiff states that "[u]nder **Nev. R. Civ. P. 4.4(c),** service by publication is permitted when: 1. The last known address of the person to be served is within *Arizona*." (ECF No. 14 at 3) (bold in original, italics added). In the proposed order, Plaintiff provides that "the summons be published once a week for four (4) consecutive weeks in a newspaper of general circulation in *Maricopa County, Arizona*, namely Las Vegas

Review – Journal." (ECF No. 14-2 at 1) (italics added).  Second, Plaintiff's proposed order includes a signature line on a separate page in violation of Local Rule IA 6-2.  (ECF No. 14-2 at 2).  Third, Plaintiff's counsel's affidavit outlines only two attempts that the process server took to serve Defendant.  While Plaintiff's counsel's affidavit describing these two attempts could potentially be sufficient if Plaintiff attached proof of these service attempts or described the results of the skip trace performed on August 12, 2025, Plaintiff does neither.  Fourth, Plaintiff only includes Defendant's last known address information but does not explain whether he has access to any of the other information outlined in Nevada Rule of Civil Procedure 4.4(b)(2)(A)(ii) such as phone numbers, email addresses, social media accounts, or other information used to communicate with the Defendant.  Fifth, given Plaintiff's failure to explain whether he has access to any of the other information outlined in Nevada Rule of Civil Procedure 4.4(b)(2)(A)(ii), the Court cannot determine whether additional methods of notice are appropriate under Nevada Rule of Civil Procedure 4.4(d).  Sixth, Plaintiff does not show good cause to extend the service deadline.  While Plaintiff cites the Federal Rule of Civil Procedure 4(m) standard, Plaintiff does not explain how he met that standard.  This explanation is particularly absent given the fact that Plaintiff filed his complaint on April 29, 2025, but did not make his first service attempt until June 27, 2025, and then did not attempt service a second time until August 12, 2025.  Without more explanation, the Court cannot find that Plaintiff has shown good cause to extend the service deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to serve by publication and to extend time (ECF No. 14) is **denied without prejudice.**

DATED: October 17, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE