Law Offices of Shawn R. Perez, Esq., P.C.
SHAWN R. PEREZ, ESQ. (NSBN 10421)
7121 West Craig Rd., #113-38
Las Vegas, NV 89129
(702) 485-3977
(949) 632-9752
shawn711@msn.com

Ranchor Harris Law, PLLC
1784 Heritage Center Drive
Suite 204-E
Wake Forest, NC 27587
919-249-5006 (Direct Line)
ranchor@ranchorharris.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN McKNIGHT, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:25-cv-00749-DJA |
| | ) |
| JACQUELYN WRIGHT, | ) |
| Defendant. | ) |
| | ) |
| | ) |

**NOTICE OF MOTION AND MOTION FOR AN ORDER PERMITTING
SERVICE OF PROCESS BY PUBLICATION**

**TO THIS HONPRABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE
ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Brian McKnight ("Plaintiff") will move this Court for an Order permitting service of process by publication upon Defendant Jacquelyn Wright, pursuant to Federal Rules of Civil Process Rule 4(e)(1) and Nevada Rules of Civil Procedure 4.4(c)**.**

Plaintiff's Motion will be based on this Notice, the memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

**Dated: November 3, 2025.**

RANCHOR HARRIS LAW, PLLC

/s/ S. Ranchor Harris, III_____
S. Ranchor Harris
N.C. Bar No. 21022

Law Offices of Shawn R. Perez, Esq., PC

/s/ Shawn R. Perez_____
Shawn R. Perez, Esq.

Motion for Service by Publication

## **PLAINTIFFS MOTION FOR SERVICE BY PUBLICATION**

Plaintiff Brain McKnight ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an order permitting service of the summons and complaint on Defendant Jacquelyn Wright ("Defendant") by publication pursuant to FRCP 4 and Rule 4.4(c) of the Nevada Rules of Civil Procedure. This motion is supported by the following memorandum of points and authorities.

### Memorandum of Points and Authorities

### Legal Standard

If defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. Rules Civ.Proc., Rule 4.

Federal Rule of Civil Procedure provides that "… an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Under **Nev. R. Civ. P. 4.4(c)**, service by publication is permitted when:

1. The last known address of the person to be served is within Arizona,

2. The serving party has made reasonably diligent efforts to serve the party under Rule 4.1(c) but has been unsuccessful,

3. The serving party submits an affidavit demonstrating the unsuccessful efforts and proposes a method of publication reasonably calculated to give actual notice, and

4.  The court finds that the circumstances justify service by publication.

**Efforts to Locate and Serve Defendant**

Plaintiff is informed and believe that Defendant resides at 2120 Ramrod Ave, Henderson, NV 89014. Good cause exists to serve Defendant by publication as Plaintiff has made reasonably diligent efforts to serve Defendant at her last known address located at 2120 Ramrod Ave, Henderson, NV 89014, but to no avail. Additionally, Plaintiff has made reasonably diligent efforts to serve Defendant at various locations that Plaintiff was informed and believed Defendant to be located. The efforts that Plaintiff has undertaken to serve Defendant are as follows:

- On May 13, 2025, Plaintiff retained Apex Legal Services to attempt personal service upon Defendant at 326 West Earll Drive, Unit 7, Phoenix, Arizona 85013. A woman speaking through a Ring doorbell stated that no person by the name of Jacquelyn Wright lived at the residence.

- A second attempt was made on June 7, 2025, during which the process server knocked on the door and rang the bell but received no response.

- On August 23, 2025, a third attempt was made; the Ring doorbell had been removed, and a man at the residence confirmed he had recently moved in and that no individual by Defendant's name resided there.

- On June 27, 2025, Plaintiff retained the professional services of Same Day Process Services, Inc. who attempted personal service of Plaintiff's Summons and Complaint upon Defendant at 7719 Wisconsin Ave, Bethesda, MD 20814, the location that was believed to hold an event put on by Defendant. The process server noted that it attempted service of process at 7:55 PM. There were no people or vehicles around the location and it appeared to be closed. The process server spoke with a passerby

Motion for Service by Publication

who informed the process server that they believe a there was a dance that night which did not begin until 9 pm.

- At 9:13 pm, the process server gained access to the building through an open door only to find the location empty. The process server found no lights on, other than some computer screens and TVs, but not in a manner that was preparing for any kind of event. The process server attempted to find any employee(s) but found none.

- The process server noted at 9:47 pm that no individuals had shown to the location and that the lights remained off. At 10:01 pm the process server ended the attempt to serve Defendant.

- On August 12, 2025, Plaintiff retained the professional services of Same Day Process Services, Inc. who attempted personal service of Plaintiff's Summons and Complaint upon Defendant at her resident address. The process server noted that it attempted service of process at 1:27 pm. Upon reaching the location, the process server spoke to the manager, Rebecca, who stated that no resident at the location has the subject's name or the last name Wright.

- Prior to the process server attempting service on Defendant her resident home, a skip trace was performed. The skip trace was performed on August 12, 2025.

- From August 20, 2025, through September 1, 2025, Plaintiff retained Junes Legal Service, Inc. to attempt personal service at 2120 Ramrod Avenue, Unit 2222, Henderson, Nevada 89014.

- On August 20, 2025, the process server attempted service at 8:43 AM. The process server found the apartment dark and received no answer after knocking and calling out.

Motion for Service by Publication

- On August 22, 2025, the process server attempted service again at 8:50 AM. Again, the process server received no answer at the apartment.

- After this attempt the process server spoke to the leasing office who informed them that the apartment was privately owned and that they did not manage it but did provide the process server a Home Owners Association number.

- The process server attempted to contact the Home Owners Association but received no answer.

- On August 23, 2025, at 11:50AM the process server attempted service again but received no answer and the blinds were still closed.

- On August 25, 2025, a representative of the homeowner's association identified the current occupant as a 'Chelsea Barber.

- On September 22, 2025, Plaintiff retained Apex Legal Services to attempt personal service upon Defendant at 1934 South Street, Philadelphia, Pennsylvania 19146.

- At approximately 11:13 AM, the process server observed that the property had a lockbox and signage indicating it was for sale. A neighbor stated they had not seen anyone enter or leave in approximately seven months.

- Later the same day at 1:00 PM, another attempt was made by the process server that yielded the same result. The process server spoke to realty company listed on the signage who confirmed that no one resided at the location.

- Between September 22 and September 24, 2025, Plaintiff's process server conducted multiple service attempts in DeSoto, Texas, at 821 South Polk Street and 10601 Clarence Drive.

Motion for Service by Publication

- On September 23, 2025, the process server attempted service at 10601 Clarence Drive where the process server was told, there was no business by their name in the building.

- On the same day, the process server made their first attempt at the home at 821 South Polk Street, Desoto, Texas at 2:23 PM.

- The process server knocked on the door to which no one answered.

- The processer server then went to leasing office for confirmation. The leasing office only verified that the unit was not vacant and could not verify who the resident was in the unit.

- At 6:25 PM the process server returned to the apartment and spoke to a neighbor who informed them that a "Miss Jackie" lived there.

- On September 24, 2025, at 1:15 PM, the process server made their fourth attempt at the 821 South Polk Street, Desoto, Texas address and received no response.

- At this point, the process server was requested to complete a stakeout for the following weekend.

- On Friday September 26, 2025, from 6:00 PM to 9:00 PM the process server conducted a stake out at 821 South Polk Street, Desoto, Texas where they observed no activity around the townhouse.

- The following day, Saturday, September 27, 2025, from 7:00 AM to 10:00 AM, the process server attempted another stake out where they observed a Black male with dreads come out of the garage. Following the exit of the Black male, a Black female pulled up and parked in the garage.

- Later that same day, from 6:30 PM to 9:00 PM the process server conducted another stake out. Around 7:00 pm the process server spoke with a neighbor who was

- 7 -

walking her dog. The neighbor informed the process server that "Miss Jackie" lived at the residence.

- On September 30, 2025, during another stakeout the process server was able to make contact with the residents, a man and his wife known as Miss Jackie.

- The process server also learned that the address to the studio where Defendant shot the videos for the YouTube channel. The address is 1409 Botham Jean Blvd. Suite 302.

- On October 1 at 1:30 PM, the process server attempted service at 1409 Botham Jean Blvd. Suite 302.

- Later the same day at 3:30 PM, the process server attempted service again at 1409 Botham Jean Blvd. Suite 302. The process server was able to confirm through a neighbor that this location was where Defendant shot her videos for her YouTube channel.

- On October 3, 2025, at 1:30 PM, the process server attempted service at 1409 Botham Jean Blvd. Suite 302 to which they received no answer.

- The following day, on October 4, 2025, at 9:30 AM, the process server attempted service again at 1409 Botham Jean Blvd. Suite 302 to which they received no answer.

- On October 4, 2025, at 8:52 PM, the process server attempted service again at 1409 Botham Jean Blvd. Suite 302. From downstairs the process server spotted someone from the show outside. When the process server went upstairs and knocked on the door they received no answer.

- Monday, October 6, 2025, at 8:30 AM, the process server knocked on the door at 1409 Botham Jean Blvd. Suite 302 and received no answer.

Motion for Service by Publication

- After the process servers last round of attempts, they was asked to do another stakeout at 1409 Botham Jean Blvd. Suite 302.

- On Monday October 13, 2025, the process server staked out 1409 Botham Jean Blvd. Suite 302 from 5:00 PM to 6:30 PM. The process server saw no activity.

- Later that evening, from 9:30 PM to 11:00 PM the process server staked out 1409 Botham Jean Blvd. Suite 302 and saw no activity.

- On Tuesday, October 14, 2025, the process server again sat outside 1409 Botham Jean Blvd. Suite 302 from 6:00 AM to 7:30 AM and observed no activity.

- On October 13 and 15, 2025, Plaintiff retained a different process server, Same Day Process Service, Inc., to make final attempts at 1409 Botham Jean Boulevard, Suite 302. The process server confirmed the premises were now occupied by a hair and beauty business. An employee, Emily Winters, stated that no individual by Defendant's name had ever worked or resided there.

- Despite these efforts, Plaintiff has been unable to locate or serve Defendant through conventional means.

**Proposed Method of Service**

Pursuant to Rule 4.3, Plaintiff proposes to serve Defendant by publication in a newspaper of general circulation in Clark County, Nevada, where Defendant was last known to reside. Plaintiff will publish the summons once a week for four (4) consecutive weeks.

**Conclusion**

Based on the above, Plaintiff respectfully requests that the Court issue an order permitting service of the summons and complaint on Defendant Jacquelyn Wright by publication in accordance with Nev. R. Civ. P. 4.4(c).

This the 3rd day of November 2025.

RANCHOR HARRIS LAW, PLLC

/s/ S. Ranchor Harris, III_____
S. Ranchor Harris
N.C. Bar No. 21022

Law Offices of Shawn R. Perez, Esq., PC

/s/ Shawn R. Perez_____
Shawn R. Perez, Esq.

Motion for Service by Publication